**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

                                        **Plaintiff**

                **v.**                                        **1:07-CR-512**
                                                              **(GLS)**

**BRADLEY COLIN,**

                                        **Defendant.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE UNITED STATES:**

Hon. Glenn T. Suddaby          THOMAS SPINA, JR.
United States Attorney          Assistant U.S. Attorney
445 Broadway
218 James T. Foley
U.S. Courthouse
Albany, New York  12207-2924

**FOR BRADLEY COLIN:**

Office of E. Stewart Jones, Jr.    GEORGE E. LaMARCHE, III, ESQ.
28 Second Street
Jones Building
Troy, New York 12181

**Gary L. Sharpe**
**District Court Judge**

                        <u>**Decision and Order**</u>

**I.  <u>Introduction</u>**

Bradley Colin has been indicted for the interstate receipt and possession of child pornography.  *See Indictment, Dkt. No. 9*; *see also* 18 U.S.C. §§ 2252A(a)(2), 2252A(a)(5)(B), 2256(8)(A).  At his arraignment, the government moved to detain him as a risk of danger and flight.  *See Gov't Detention Motion, Dkt. No. 7*; *see also* 18 U.S.C. § 3141 *et. seq.* After a bail hearing, Magistrate Judge Randolph H. Treece issued a release order.  *See Release Order, Dkt. No. 20*

The government sought to stay Colin's release pending district court review, and Judge Treece denied the application.  *See Gov't MOL at 4, Dkt. 19-1*.  The government then filed an order to show cause seeking a stay, and revocation of Judge Treece's order.  *See* 18 U.S.C. § 3145(a)(1); *see also Dkt. No. 19*.  After providing defense counsel an opportunity to respond, the court granted a temporary stay pending an expedited return the following day.  *See* FED. R. CRIM. P. 38; FED. R. APP. P. 8(c), 9; *Dkt. No. 18 & 11/29/07 Min. Entry*.

During the return, the court discussed the substance of Judge Treece's bail decision and the underlying record with the parties.  *See Dkt. No. 22*.  Because neither party wished to supplement that record, the court declined to compel full compliance with proposed Local Rule 58.1(a)(3)

which requires a transcript of the bail hearing.  *See United States v.*

*Vasconcellos*, -- F. Supp. 2d --, 2007 WL 3274778, *2 and n.2 (N.D.N.Y.

Nov. 5, 2007).  The court then conducted a de novo hearing and revoked

the release order, detaining Colin as a risk of danger.  When detention is

ordered, it is unclear whether a district court's bail review requires a written

decision containing factual and legal conclusions.  *Cf.* 18 U.S.C. §§

3142(i)(1),3145(a).  Nonetheless, the court elects to do so.

## II.  Legal Discussion

### A.  Standard of Review

Bail decisions are reviewed de novo, and the court has defined that

standard as follows:

> De novo review requires that the court give fresh
> consideration to those issues to which specific objections have
> been made.  It will examine the entire record, and make an
> independent assessment of the magistrate judge's factual and
> legal conclusions.... [It] ... permit[s] whatever reliance a district
> judge, in the exercise of sound judicial discretion, [chooses] to
> place on a magistrate's proposed findings and
> recommendations.  When the district court makes its de novo
> determination, the parties have no right to present evidence not
> submitted to the Magistrate Judge.  Nonetheless, the court
> retains the discretion to consider additional evidence although it
> should afford the parties notice.

*Vasconcellos*, 2007 WL 3274778, at *1-2 (internal citations and quotations

omitted, and alterations added).

Accordingly, the court gives fresh consideration to the underlying bail decision and makes its own independent judgment.[1]

### B. __The Bail Principles__

Colin has been charged with the interstate receipt and possession of child pornography.  If convicted of the interstate receipt offense, he faces a maximum sentence of twenty years and a mandatory minimum five years. *See* 18 U.S.C. § 2252A(b)(1).  Because the offenses are violent crimes, there is a rebuttable presumption that Colin is a dual flight and danger risk. *See* 18 U.S.C. §§ 3142(f)(1)(A), 3156(a)(4)(C).  The grand jury indictment constitutes a finding of probable cause sufficient to trigger the presumption. *See United States v. Rodriquez*, 950 F.2d 85, 87 (2d Cir. 1991) (citation omitted).

The court presumes familiarity with its recent summary of bail principles, *see Vasconcellos*, 2007 WL 3274778, at * 2-5, and briefly comments on those pertinent to Colin's risk of danger.[2]

---

[1]Although de novo review is mandated, the court will also consider the magistrate judge's findings and conclusions as an additional factor in its review.  As the court has previously observed, "... this district has the utmost respect for the highly credentialed professionals who occupy the Magistrate Judge positions...." *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006).  A magistrate judge's conclusions warrant consideration, especially as they relate to whether release conditions ameliorate flight or danger risks.

[2]Both parties concur that Judge Treece ruled that Colin was not a flight risk.  If true, the court is hard pressed to understand the release condition requiring Colin to post a $100,000 bond.  *See Release Order at ¶ 7(b), Dkt. No. 20.*  The court is reminded of its participation in a

4

Although there is a rebuttable presumption that no condition or combination of conditions will preclude dangerousness, *see* 18 U.S.C. § 3142(e)(1) & (f)(1)(A), the government still retains the burden of proving dangerousness by clear and convincing evidence.  *See* 18 U.S.C. § 3142(f); *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995).  Clear and convincing evidence is more than a preponderance, but less than "beyond a reasonable doubt," and requires "that the evidence support such a conclusion with a high degree of certainty."  *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985) (quoting *Addington v. Texas*, 441 U.S. 418, 431 (1979)).  If the defendant presents rebuttal evidence, the presumption remains and continues to be weighed along with other factors.  *Rodriguez*, 950 F.2d at 88.  Recited in the statute, those other factors include:  the nature and circumstances of the charged offense; the weight of the evidence; the nature and characteristics of the defendant; and the nature and seriousness of the risk to the community.  *See* 18 U.S.C. § 3142(g).

---

trial years ago, at the conclusion of which a town justice found a defendant not guilty and fined him $500.  It is more likely that the parties misunderstood Judge Treece's ruling, and that he concluded that the posting of a bond would ameliorate Colin's risk of flight such that detention was unnecessary.  In any event, the court interprets Judge Treece's order to that effect, and upon de novo review, concurs with his judgment.  Accordingly, the court orally declined to detain Colin as a flight risk, and it is unnecessary to address that issue.

As to dangerousness, the question is whether release conditions and the prospect of bail revocation can reasonably assure the safety of the community.  Thus, "[w]here there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate." *United States v. Colombo*, 777 F.2d 96, 98-99 (2d Cir. 1985).  Notably, release in cases involving dangerousness risks injury to others.  *See United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993).  There is no nexus requirement between the indicted conduct and other facts demonstrating dangerousness.  *See Rodriguez*, 950 F.2d at 88.  Even though a defendant's past history of dangerousness might be ameliorated by release conditions, the government may still satisfy its burden if it adduces clear and convincing evidence that the defendant's future conduct will be dangerous.  *See United States v. LaFontaine*, 210 F.3d 125, 134 (2d Cir. 2000) (citing, *inter alia*, *Rodriguez*, 950 F.2d at 89).

Regarding release conditions, simply ordering a defendant to refrain from dangerous behavior is often insufficient to protect the public.  *See Colombo*, 777 F.2d at 100; *see also*, *Ferranti*, 66 F.3d at 544.  Insofar as a defendant's good faith promises are concerned, this court has observed:

> The quintessential factor is whether the defendant will do as the court directs. There are a variety of conditions that could reduce potential danger and flight if a defendant would abide by them. Examples include home confinement, electronic monitoring, curfews, pretrial services or family supervision, drug testing and treatment, and employment or educational mandates. However, none of these conditions will suffice to protect the community ... if a defendant's past behavior amply demonstrates that he will not honor them. In other words, past behavior best predicts future behavior and whether the court can rely on a defendant's good faith promises.

*United States v. Barnett*, No. 5:03-CR-243, 2003 WL 22143710, at *12

(N.D.N.Y. Sept. 17, 2003).

## III. **Bail Conclusion**

Simply stated, the court must: hold the government to its burden of

proof; evaluate the credible evidence; consider the statutory presumption,

the nature and circumstances of the charged offense, the weight of the

evidence, the nature and characteristics of the defendant, and the nature

and seriousness of the risk to the community; reach a conclusion as to

whether the defendant is dangerous; and consider whether release

conditions can ameliorate that risk. If the defendant is dangerous and

release conditions cannot preclude the risk, the defendant should be

detained. Otherwise, he should be released on conditions.

The charged offenses are violent and dangerous by definition. The

photographs Colin ordered in interstate commerce and thereafter possessed are despicable.  At least one depicts a baby obviously less than two with an erect penis in her mouth, and others depict prepubescent naked females who are being subjected to sexually explicit and sadomasochistic behavior.  As the government credibly documented in its initial detention brief, Colin's conduct violently victimizes all of these children.  *See Gov't Pretrial Detention Motion at pp. 5-7, Dkt. No. 7.*

The weight of the evidence is overwhelming.  Colin's indictment arose from an undercover investigation of commercial child pornography websites.  Records revealed that Colin purchased thirteen subscriptions to these sites.  A search warrant was executed at his home, computer equipment was seized, and a subsequent forensic investigation disclosed 15,000 pornographic images, most of which constituted child pornography. A number of the pornographic images depicted a twelve or thirteen-year-old female.  Following his arrest, Colin confessed that he had been engaged in this criminal conduct for the past three-four years.

Forty-six, Colin is college-educated and employed - at least at the time of his arrest - as a financial consultant for the brokerage firm, A. G. Edwards.  He has substantial income, and numerous assets including a home, car and boat.  He is unmarried and lives alone.  He has resided in

the community for more than a decade, and he has no criminal record.

However, the credible proof reveals more troubling aspects of his character

and behavior, especially as both relate to his danger to the community and

conditions of release that might negate that danger.

During the search, police seized marijuana, a marijuana pipe, a

cotton candy machine, and home videos.  During their continued

investigation, they interviewed three twelve-year-old, neighborhood girls

who interacted with Colin in the past, one since she was at least nine-

years-old.  Colin purchased gifts for the girls, including such things as

bracelets and a cell phone.  On numerous occasions he took one or more

to dinner and to the movies.  The girls spent hours in Colin's home and on

his boat, unchaperoned.  In fact, one of the three frequently referred to

Colin as her husband or boyfriend, and slept on the boat with him while

unchaperoned.  The other two also said that while on the boat and in the

house, they saw Colin place his hands beneath the blouse of the third girl

and fondle her breasts.  They also said that they saw Colin fondle the girl's

buttocks, and kiss her.  One also said that Colin once told her that he rode

his bicycle around the neighborhood looking for little girls.

The girl subjected to the sexual abuse observed by the other two

denies the allegations.  Her mother periodically associates with Colin, has

borrowed money from him, and has lodged no complaint.  Local authorities have not arrested Colin for either sexual abuse or endangering the welfare of a minor.

Black's Law Dictionary defines pedophilia as "an adult's sexual disorder consisting in the desire for sexual gratification by molesting children, especially prepubescent children."  BLACK'S LAW DICTIONARY 1167 (8th ed. 2004).  The Circuit has said "a direct connection exists between child pornography and pedophilia."  *United States v. Brand*, 467 F.3d 179, 197 (2d Cir. 2006).  In fact, "the two are linked by an 'abnormal sexual attraction to children.'"  *Id.* at 198 (quoting *United States v. Byrd*, 31 F.3d 1329, 1336 n.9 (5th Cir. 1994)).  The court also credits a federal prison study that confirms the link.  *See* Andres E. Hernandez, *Self-Reported Contact Sexual Offenses by Participants in the Federal Bureau of Prisons' Sex Offender Treatment Program: Implications for Internet Sex Offenders*, 2 (2000) (attached to *Government's Detention Motion at Ex. 27, Dkt. No. 7*).  While the court recognizes that the bail record contains no clinical diagnosis, it nonetheless concludes that Colin is a pedophile.  The court further concludes that he is a future danger to prepubescent females.  Not only is this conclusion supported by the revelations of the twelve-year-old girls, but the court has watched videotapes of the defendant's interaction

with these girls.  For instance, the court saw Colin seated on an inner tube behind his boat with legs spread, and one of the girls firmly seated in his crotch.  While that behavior is certainly innocuous in other contexts - for example, child and parent or grandparent - it is not innocuous when the adult is a pedophile.

Lastly, the court considers whether release conditions can ameliorate Colin's risk of community danger.  If the only danger was that presumed by the child pornography charges, the court would be inclined to agree with the conditions of release recommended by Judge Treece.  They included home detention and restrictions on Colin's use of computers and the internet.  *See Release Order, Condition 7(x), Special Conditions 1-2, 5-6, Dkt. No. 20.*  However, Colin's greatest risk is to young girls who are incapable of appreciating his dangerousness for a variety of reasons, including their immaturity and lack of parental supervision.  Whether through guile, gifts, a cotton candy machine or any of a vast array of techniques employed by pedophiles and sexual predators, Colin is dangerous to children.  While release conditions such as home detention and an order that Colin refrain from any contacts with minors have facial appeal, such conditions will not protect children if dependent on a pedophile's bald promise to comply.  Furthermore, electronic monitoring or

other such restrictions do not control access to a home by children induced to enter by a pedophile.

Based on the court's de novo factual findings and conclusions, the government has satisfied its burden of proving that Colin is a risk of danger that cannot be ameliorated by release conditions.  Accordingly, Judge Treece's Release Order (*Dkt. No. 21*) is revoked, and Colin is detained.

Colin is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Colin shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Colin to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated:      December 12, 2007
            Albany, New York


                                        Gary L. Sharpe
                                        U.S. District Judge